# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CARLOS RAY FRAZIER**                                                                 **PLAINTIFF**
**#650936**

v.                          No: 4:22-cv-00547-KGB-PSH

**GORMAN,** *et al.*                                                                    **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Carlos Ray Frazier filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on June 9, 2022, while in custody at the W.C. Brassell Adult Detention Center (Doc. No. 2). On August 26, 2022, mail sent to Frazier was returned as undeliverable (Doc. No. 17). The same day, the Court entered a text order notifying Frazier that the mail could not be delivered to him because he was no longer at the address he

provided (Doc. No. 18). Frazier was directed to provide notice of his current mailing address no later than thirty days from the entry of the August 26 text order. He was warned that his failure to provide a current mailing address would cause the undersigned to recommend his complaint be dismissed. A printed version of the text order was sent to him at his last known address. The envelope containing the Court's August 26 order could not be delivered to Frazier because he was no longer at the address he provided, and the envelope was returned to the Clerk of the Court and entered on the docket. *See* Doc. No. 19.

More than 30 days have passed, and Frazier has not complied or otherwise responded to the August 26 order. Frazier failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2). Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that Frazier's complaint be dismissed without prejudice and all pending motions be denied as moot.

DATED this 3rd day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE